UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS INC., | CASE NO. C18-172RAJ |
| Plaintiff, | ORDER |
| v. | |
| YOUNG EXHIBITOR SERVICES, LLC, a California limited liability company, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for default judgment. Dkt. # 9. The Court **GRANTS** the motion and directs the clerk to enter default judgment as directed at the conclusion of this order.

The Court's role in reviewing a motion for default judgment is not ministerial. It must accept all well-pleaded allegations of the complaint as fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the Court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th

1  Cir. 1988).  The plaintiff must submit evidence supporting a claim for a particular sum of

2  damages.  *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B).  If the

3  plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of

4  mathematical calculation," the Court must hold a hearing or otherwise ensure that the

5  damage award is appropriate.  *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

6       Plaintiff is the authorized administrative agent for and assignee of the Western

7  Conference of Teamsters Pension Trust Fund.  The evidence it has presented establishes

8  that Defendant was delinquent in its monthly contributions to the fund.  The evidence

9  demonstrates that the amount of liability for the delinquency is $4,011.65, plus liquidated

10  damages in the amount of $802.33, and interest in the amount of $396.06.

11       In addition, Plaintiff requests attorney fees and costs.  Although Plaintiff's

12  evidence of attorney fees includes the hourly fees of non-attorneys, Plaintiff has

13  established that its counsel does not incorporate non-attorney work into his hourly rate,

14  and has established that counsel actually bills Plaintiff for the work of non-attorneys.

15  Dkt. # 9 at 4-5.  In accordance with *Trustees of the Const. Indus. & Laborers Health &*

16  *Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the Court

17  awards the hourly fees of both Plaintiff's counsel and counsel's hourly-billing support

18  staff.  The Court finds that Plaintiff's evidence supports an attorney fee award of $826.25

19  and costs of $485.00.

20       The clerk shall enter default judgment in accordance with this order.

21       Dated this 21st day of June, 2018.

22

23

24  _____

25  The Honorable Richard A. Jones
    United States District Judge

26

27